## FARIS ET AL. v. TENNANT ET AL.

[No. 23,988. Filed December 7, 1923. Rehearing denied April 24, 1924.]

DESCENT AND DISTRIBUTION.—*Mississippi Law.—Widow's Share. —Subject to Payment of Debts Equally with Daughter's Share.* —Under the laws of Mississippi (Hemingway's Code, §§1380, 1383, 1389, 1721, 1735, 1736, 1742, 1838), making all the property of a nonresident decedent subject to sale for the payment of his debts, and giving a widow a child's share of the residue after payment of debts, where a nonresident decedent left surviving him a widow and one child, the widow cannot have a preference by which one-half of his real estate can be reserved to her discharged ·from the demands of creditors, while the child's share is consumed in paying debts, the widow's share being subject to sale, for that purpose, the same as the child's, otherwise there would be no equality between the shares of a widow and a child.

From Vigo Circuit Court; *James P. Jeffries,* Judge.

Action by Ruby F. Tennant and others against Ada R. Faris and others. From a judgment against the defendants, the named defendant appeals. *Affirmed.*

*Ward H. Watson* and *Sol. H. Esarey,* for appellants.
*Cooper, Royse, Bogart & Gambill* and *Maurice E. Tennant,* for appellees.

EWBANK, C. J.—This was an action to subject to the payment of debts of a decedent the entire proceeds of the sale of lands in Mississippi which he owned at the time of ·his death, such debts exceeding in amount the personal estate and all of such proceeds, but he having also owned valuable real estate in Indiana and the District of Columbia which was not sold. His widow (the

appellant Ada R. Faris) defended on the alleged ground that since a daughter was the only child of the decedent who survived him, the widow inherited one-half of such lands under the law of Mississippi, and was entitled to hold her portion until and unless all of the daughter's portion of the estate should be first exhausted, of whatever character it might be and wherever located.

Overruling the motion for a new trial is the only error assigned, under which appellants rely on the single specification that the finding is not sustained by sufficient evidence. The evidence consisted of an agreed statement of facts, substantially as follows: That George W. Faris was a resident of Indiana at the time of his death, and his only heirs are his daughter, Ruby F. Tennant, and his childless second wife, Ada R. Faris, who are coadministratrices of his estate, appointed in Indiana; that there was no ancillary administration in Mississippi; that he died the owner of real estate in Indiana worth $20,000, and real estate in Washington, D. C., worth $60,000, which produced an income, and real estate in Mississippi worth $18,000, which produced no income, and was a source of expense; that his personal estate was insufficient to pay his debts, and after the indebtedness of his estate had been reduced to $35,000 and its personal assets to $5,000, said coadministratrices petitioned for and obtained from the court in Indiana that appointed them an order to sell said decedent's lands in Mississippi both of said heirs consenting to the sale; that to avoid delay in obtaining an order of sale from a court of probate in Mississippi, said Ruby F. Tennant and Ada R. Faris, as heirs and as coadministratrices, agreed upon a sale of the entire estate in the lands in Mississippi, and a conveyance thereof by the heirs, with a bond to indemnify the purchaser against debts of the ancestor, and that one-half

of the net proceeds should be used immediately to pay debts of the estate, and the other half be held by a trustee until the courts should determine whether, under the law of Mississippi, the widow was entitled to hold it as exempt from liability for debts until the daughter's portion of the lands in Indiana and Washington, D. C. should be exhausted; that, at the time of the trial, the debts of said estate had been reduced to $25,000, which it still owed, and the personal assets, other than one-half the proceeds from the sale of said real estate in Mississippi held by the trustee, were only $1,500, and not sufficient to pay said debts; that decedent's real estate in Indiana and Washington, D. C. exclusive of the widow's interest therein, was, at the time of his death, and still is, of value sufficient to pay all of his indebtedness; that the lands in Mississippi were sold pursuant to an agreement in writing between said widow and said daughter which recited the necessity for an immediate sale thereof without awaiting a settlement of the conflicting claims of the parties as to the proper disposition of that half of the proceeds which the widow claimed to own, and provided that the sale should be without prejudice to the right of either party, and "in case it is finally decided that the interest of Ruby F. Tennant in the real estate in Indiana, Washington, D. C. and Mississippi must be sold and her interest exhausted to pay debts before the interest of Ada R. Faris in the said real estate in Mississippi can be sold, then the one-half so remaining in the hands of said (trustee) shall be paid to said Ada R. Faris as her individual property"; but, if the courts should decide otherwise, the trustee should use it to pay debts of the estate; that the law of Mississippi gives a widow dower in lands of her husband held by equitable as well as legal title, and provides that dower shall be assigned to her of the

third part of all the lands of her husband, but if there
be a child, the widow shall have one-third only, and her
quarantine.

That the law of the State of Mississippi in regard
to the descent of property and the rights of a widow
and only child in real estate of an intestate at the time
of said sale were as follows: (epitomized by the writer
of this opinion) If a husband die childless, the widow
shall have his entire estate, real and personal in fee
simple, after payment of debts, but if he leave a child
or descendants thereof, by any marriage, the widow
shall have a child's part, in fee simple; all personal
assets, including accruing rents, shall be chargeable
with debts, funeral expenses and expense of adminis-
tration, and lands of the decedent shall stand charge-
able with his debts above what the personal property
may be sufficient to pay; such land or part thereof may
be sold by the administrators on order of the Chancery
Court, upon petition showing a true account of the
personal estaté and the debts and expenses, and proof
of such facts; the whole may be ordered sold if found
for the best interests of the estate; if the whole is or-
dered sold, in excess of what will satisfy the debts, the
overplus, after paying debts and expenses, shall be dis-
tributed among the heirs according to the law of
descent; if found for the best interest of the distrib-
utees, the Chancery Court, on petition of the adminis-
trator or distributees, may decree a sale of the real
estate in preference to the personal estate; all property,
real or personal, exempted by law from sale under exe-
cution or attachment, shall descend to the widow and
child as tenants in common, but if the widow be a child-
less second wife and shall own a place of residence equal
in value to the homestead, the homestead shall not de-
scend to her, but only to the child by a former marriage,

as its property; but such exemption shall only be allowed in favor of residents of Mississippi; all personal property situated in Mississippi shall descend and be distributed according to the laws of Mississippi, regardless of all marital rights which may have accrued in other states, and notwithstanding the domicile of the deceased may have been in another state, and whether the heirs or persons entitled to distribution may be in Mississippi or not, and the widow shall take her share of the personal estate according to the laws of Mississippi. §§1383, 1721, 1735, 1736, 1742, 1389, 1838, 1648 Hemingway's Ann. Miss. Code.

There was no evidence that the law of Mississippi contained any provision for assigning dower to the widow, nor that the common law of England or any part of it on the subject of inheritance or dower was in force in Mississippi, or that the law of Mississippi, as above set out, was subject to control, modification or even explanation by such common law. And, as against evidence that the law of that state is as above recited, we cannot presume that the rights of the widow are enlarged by what appellant's brief says are the facts (of which, there is no evidence) that dower was once given to a surviving wife by the law of Mississippi, and was abolished when the statute giving her a "child's part of the estate, in fee simple" was enacted. Much is said in argument about the policy of the common law to reserve to the widow enough of her husband's lands to afford her support, as against the demands of creditors. But so far as this court is informed, the provision concerning the inheritance of property of a decedent exempted by law from sale under execution or attachment may have been intended by the law of Mississippi to make provision for the widow of a resident of the state who did not have a home of her own equally as good, and it may have been the policy of the State of

Mississippi to prefer creditors to the widows of nonresident owners. And it may be that such exempted property of a resident would include the family residence and not more than 160 acres of land, not exceeding $3,000 in value, with tools, implements or professional library, wearing apparel, live stock, household furniture, provisions for the family, accrued wages, proceeds of life insurance up to $5,000 and proceeds of judgments for personal injuries up to $10,000. There is no evidence of what it would consist. §§1812-1838 Hemingway's Ann. Miss. Code.

Therefore, the great number of authorities cited by counsel from jurisdictions in which widows were entitled to dower, or were given by statute an interest in the deceased husband's lands which the statute provided should not be subject to the demands of creditors, are not controlling.

As above set out, the statutes of Mississippi make all of the property of a nonresident decedent, both personal and real, chargeable for his debts, and liable to be subjected thereto, and give to the widow only "a child's part of his estate * * * in fee simple", but without any provision, so far as the evidence discloses, for giving the widow of such nonresident anything more than a child receives. And if the widow receives only an equal part with the child of her husband, she cannot have any preference by which one-half of his real estate can be reserved to her, discharged from the demands of creditors, while the other half is consumed in paying debts, so that the "child's part" received by the daughter is nothing at all, while that received by the widow would amount to thousands of dollars. The trial court properly adjudged that the widow's share of real estate situated in Mississippi, sold for the payment of debts of a nonresident owner, is no greater than the share of his daughter, and that her share, equally with

the daughter's share, must be applied to the payment of debts until they are satisfied.

The judgment is affirmed.